IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Michael Isaiah Anderson, Jr., ) | |
| ) | C.A. No. 6:24-1241-HMH-KFM |
| Petitioner, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| Warden Levern Cohen, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on Petitioner's untimely objections. Petitioner is a pro se pretrial detainee seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. On April 22, 2024, United States Magistrate Judge Kevin F. McDonald issued a Report and Recommendation, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] In his Report and Recommendation, Magistrate Judge McDonald recommends dismissing this case without prejudice, without leave to amend, and without issuance and service of process. Objections were due on May 6, 2024. On May 8, 2024, after receiving no objections, the court adopted the Report and Recommendation. On May 30, 2024, the court received untimely objections from Petitioner dated May 18, 2024. In his objections, Petitioner states that he was unable to timely file objections because he had been placed in a special unit

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

and was not receiving his legal mail.  (Objs. 1, ECF No. 17.)  Out of an abundance of caution, the court will consider Petitioner's objections as timely.

Objections to a report and recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  "To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).  In the absence of specific objections to the report and recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, most of Petitioner's objections are non-specific or unrelated to the dispositive portions of the magistrate judge's Report and Recommendation.  However, Petitioner vaguely mentions claims based on ineffective assistance of counsel, violations of his speedy trial and due process rights, and prosecutorial misconduct.  (Objs. 1, ECF No. 17.)  The Report and Recommendation recommends dismissal for failure to exhaust state court remedies and based on Younger[2] abstention.  (R&R 3-6, ECF No. 12.)  In his objections, Petitioner fails to address his failure to exhaust or the application of Younger abstention.  Petitioner's state criminal cases are ongoing, and there is no evidence that Petitioner has exhausted his claims in state court.  Florence County Public Index,

---

[2] Younger v. Harris, 401 U.S. 37 (1971).

2

https://publicindex.sccourts.org/Florence/PublicIndex (search case numbers "2022A2120400036," "2022A2120400037," "2022A2120400038," "2022A2120400039," and "2022A2120400040"). Further, the court cannot interfere in a pending state criminal proceeding absent extraordinary circumstances. Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). There is no evidence of any extraordinary circumstances in this case. Robinson v. Thomas, 855 F.3d 278, 286 (4th Cir. 2017) ("A federal court may disregard *Younger*'s mandate to abstain from interfering with ongoing state proceedings only where 'extraordinary circumstances' exist that present the possibility of irreparable harm." (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)). Therefore, after reviewing the objected-to portions of the Report and Recommendation de novo and the remainder for clear error, the court adopts Magistrate Judge McDonald's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that the court's May 8, 2024, Order, docket number 14, is vacated. It is further

**ORDERED** that this action is dismissed without prejudice, without leave to amend, and without issuance and service of process. It is further

**ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
July 24, 2024

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.